[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON MOTION TO STRIKE
In his nine count Revised Complaint dated February 12, 2001, the plaintiff, Richard A. Heim seeks damages from defendant law firm Reiner, Reiner and Bendett ("Reiner") the defendants First Nationwide Mortgage Corp. ("FNMC"), California Federal Bank ("Calfed") and Telebank, predicated upon actions allegedly taken by these defendants in foreclosing his residential property known as 6 Mt. Laurel Court, Cromwell, Connecticut.
Plaintiff acting pro se, alleges in his somewhat confusing complaint that in 1987 he executed a mortgage note and deed to Calfed Savings Bank. Apparently, through assignment and other changes in name, the mortgage was thereafter acquired by Hunter Savings Bank, then Provident Bank and finally by the defendant Telebank, which initiated a foreclosure action on November 18, 1997, resulting in a judgment of foreclosure on April 19, 1999 of $82,000. Reiner was the law firm which brought the foreclosure action, obtained the judgment and moved for a deficiency judgment on or about May 20, 1999. Although it is not clear from the complaint, the defendant FNMC and Calfed are financial institutions which serviced the mortgage at the time the foreclosure action was started.
All the plaintiff's claims are predicated on perceived delays by defendants in prosecuting the foreclosure action, their conduct while the action was pending, and their filing of the motion for the deficiency CT Page 10995 judgment, apparently in the amount of $82,000.
Plaintiff basically claims that on April 9, 1997, after he became ill and could not make his mortgage payments, he executed a quit claim deed to the premises in favor of Calfed, together with the keys to the premises; that none of the defendants responded to his action until the foreclosure action was begun, returnable November 18, 1997, and that no further action or response was made to him until strict foreclosure was claimed as well as a deficiency judgment in the amount of $82,000. The motion for deficiency judgment was never granted but upon motion of the plaintiff, was dismissed for failure to prosecute on or about June 7, 1999.
On February 23, 2001, Reiner moved to strike all the counts in which it is named as a defendant. On March 15, 2001, defendants FNMC and Calfed moved to be stricken from the complaint on the ground of misjoinder, non-joinder and alternatively to strike Counts 1 through 8 for failure to state a claim. On March 29, 2001 Telebank moved to strike Counts 1 through 8, for failure to state a cause of action, and the entire complaint for misjoinder.
1. Count I, claiming a CUTPA violation is insufficient against Reiner which represented Telebank in the foreclosure action and not the Plaintiff. Jackson v. R.G. Whipple, Inc., 225 Conn. 705 (1993). It is also insufficient against Reiner, FNMC, Calfed and Telebank because all of their alleged actions, taken under usual mortgage provisions, do not qualify as deceptive, unfair or unscrupulous.
2. Count II, alleging vexatious litigation against all four defendants, based on Telebank's motions for deficiency judgment, is insufficient at law because the mortgage foreclosure action, in which the motion for deficiency judgment was made, did not terminate in favor of plaintiff. The dismissal of the motion for failure to prosecute cannot qualify as such a favorable judgment. Blake v. Levy, 191 Conn. 257
(1983).
3. Count III alleges negligence apparently against Telebank, FNMC and Calfed, for failing to respond to the alleged tender of deed and keys or to return the keys with a letter of rejection. Plaintiff has failed to allege any duty on the part of FNMC or Calfed to respond to him or to turn the keys over to Telebank.
Plaintiff further claims that these defendants were negligent in failing to bring a foreclosure action within a "reasonably short time" after Plaintiff failed to make the March 1, 1997 mortgage payment, but that action instituted in November 1997 some eight months later cannot be CT Page 10996 said to be so untimely as to sustain an action for negligence.
4. Count IV, alleging intentional infliction of emotional distress against all defendants is insufficient because no extreme or outrageous behavior by them is alleged. Honan v. Dim Yan, 52 Conn. App. 123, 133
(1999).
5. Count V, alleging libel against all the defendants is insufficient because it is long established that there is an absolute privilege for statements made in judicial proceedings. Peytan v. Ellis, 200 Conn. 243,245 (1986). Furthermore, the claim that defendants' action resulted in an unfavorable credit rating for plaintiff does not demonstrate a false publication.
6. Count VI alleges abuse of process against all defendants, based on Telebank's motion for deficiency judgment. Such a motion cannot be a basis for the tort of abuse of process which requires the plaintiff to identify specific misconduct intended to cause injury outside the normal contemplation of private litigation. Suffield Development Associates v.National Loan Investors, 64 Conn. App. 192, 198 (2001).
7. Count VII, directed to the three defendants other than Reiner, alleges a breach of accord and satisfaction based on the alleged retention of the deed and keys forwarded to them by Plaintiff. Plaintiff does not allege facts sufficient to indicate that any agreement, accord or meeting of the minds was reached between him and any of these defendants. Munroe v. Emhart Corp., 46 Conn. App. 37, 42-3 (1997). In fact, paragraph 18 of Count 1, plaintiff alleges that the defendants "refused . . . to resolve the case by agreement."
8. Count VIII alleges breach of duty of good faith and fair dealing by the defendants other than Reiner. Defendants claim that since Telebank had no obligation to accept a deed in lieu of foreclosure, all its actions were taken pursuant to the terms of the mortgage and the law of Connecticut.
If the complaint is read in the light most favorable to the plaintiff, there is an allegation that defendants unreasonably delayed in bringing the foreclosure action even though they knew that access and title to the premises had been given up and that plaintiff had moved to Wisconsin, thus allowing the mortgage debt to "run up" and creating a litany of personal hardship and expense for the plaintiff by their motion claiming a deficiency judgment of $82,000.
In Cadle Co. v. MGMR Associates, Superior Court, Judicial District of Hartford No. CV 553581 (Oct. 14, 1999, Wagner, J.), this court held that CT Page 10997 defendant's delay in bringing a foreclosure action when the value of the premises was rapidly decreasing was sufficient to constitute a violation of the implied covenant of good faith and fair dealing in a mortgage relationship. Construed most favorably to the plaintiff, Count XIII states a sufficient cause of action.
9. Count IX, directed against Reiner, only, alleges a violation of15 U.S.C. § 1692, the Federal Fair Debt Collections Practices Act. Plaintiff has failed to allege that Reiner violated this statute by either improperly communicating with the plaintiff pursuant to § 1692c, by harassing or abusing the plaintiff pursuant to § 1692d, by unfair debt collection practices under § 1692f, or by any other specific violation under the act.
Furthermore, it is obvious that the one year statute of limitations under the statute bars any claim by plaintiff under this act, since this action was commenced in February 2001, and the most recent improper action by the law firm alleged by plaintiff took place in June, 1999.
As to the claims of non-joinder of parties, made by FNMC, Calfed and Telebank in their motions to strike, based in part on the absence of a necessary party, Alliance Mortgage Corporation, which allegedly serviced the note and mortgage, there are insufficient facts in the complaint to support the claim that Alliance Mortgage Corporation's rights are sufficiently affected to require that it be named as a necessary party.
As to the claims by misjoinder made by FNMC and Calfed, it is impossible to conclude from the allegations of the complaint that these defendants are not proper parties.
Motion to Strike by Reiner granted as to all counts directed to the Reiner law firm.
Motion to Strike by FNMC, Calfed and Telebank granted as to Counts I, II, III, IV, V, VI, VII and IX granted; denied as to Count VIII.
Wagner, JTR